**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-04017-BCW-21 |
| | ) | |
| DANIEL PATRICK BOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY**

The defendant, by consent, appeared before the undersigned on October 27, 2020, and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Local Rule 72(c)(1)(j), and 28 U.S.C. § 636, has entered a plea of guilty to Counts 1 and 40 of the Third Superseding Indictment and agrees to the forfeiture allegations. After cautioning and examining the defendant, under oath, in accordance with the requirements of Rule 11, it was determined that the guilty plea was knowledgeable and voluntary, and that the offense to which the defendant has plead guilty is supported by a factual basis for each of the essential elements of the offense.

For the proceeding, the prosecutor, defense counsel, and judge appeared by video teleconference. The defendant is released on bond and appeared by video teleconference. Defense counsel requested, by motion, that this matter be taken up by video teleconference. The defendant waived his right to appear in person and consented to appearing by video teleconference. An offer was made to set up a virtual room for the defendant and his counsel, if requested. The defendant's image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly.

I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. See the Court's April 20, 2020, Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 27, 2020, action by Judicial Conference authorizing video teleconferencing under

certain circumstances). I did not postpone the plea because the defendant and his lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice.

IT IS, THEREFORE, RECOMMENDED that the plea of guilty be accepted and that the defendant be adjudged guilty and have a sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

October 27, 2020
Jefferson City, Missouri